IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Boveda Asset Management, Inc., | C/A NO. 3:16-2651-CMC-PJG |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| The PNC Financial Services Group, Inc., doing business as PNC Bank; Shameka N. Grier-McCray, Assistant Vice President; Erica, PNC Regional Loss Prevention Manager for Mrs. Grier-McCray, | |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint. The matter was removed to this court by Defendants.

Because Plaintiff is proceeding *pro se*, and in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On October 18, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the complaint be dismissed with prejudice based on Plaintiff's failure to comply with a court order (to retain counsel) and, consequently, to prosecute the action. ECF No. 21 (noting Plaintiff failed to obtain counsel despite being ordered to do so and being given an extension of time after missing its original deadline).[1]

---

[1] The Report notes Defendants filed a motion to dismiss before the Report was issued. That motion was, however, filed only one day prior to entry of the Report. The court does not, therefore, rely on the motion to dismiss in adopting the Report.

1

The Report advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if it failed to do so. Plaintiff did not file any objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that the matter should be dismissed pursuant to Rule 41(b). However, because the underlying reason for the dismissal is Plaintiff's failure to obtain counsel, the court does not adopt the recommendation that the matter be dismissed with prejudice.

Dismissal for failure to obtain counsel is premised on the rule that, because it is not a natural person, a corporation may not proceed without counsel. *See* Report at 1 (citing, *e.g.*, *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Under this rule, even the sole owner of a corporation may not act as "pro se" counsel for the corporation because the owner and corporation

are legally distinct "persons." Given the owner's lack of legal authority to act as "pro se" counsel for the corporation, it is questionable whether the corporation may be penalized by dismissal of its claims with prejudice where the only basis for dismissal is the failure to obtain counsel.

The court, therefore, dismisses the action *with prejudice* to filing a new action relating to the same claims (on behalf of the corporation) *without counsel*. Dismissal is *without prejudice* to filing a new action relating to the same claims *through counsel*. However, if Plaintiff does file a new action, Defendants may seek any resulting duplicative costs and expenses including attorney's fees incurred in this action. Accordingly, the court adopts and incorporates the Report and Recommendation by reference except as modified above.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
Cameron McGowan Currie
Senior United States District Judge

December 12, 2016
Columbia, South Carolina